UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF St. THOMAS AND St. JOHN

| | |
|---|---|
| Wilnick Dorval ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | Case No. 2016-61 |
| Moe's Fresh Market and Wallie Hamed ) | |
| ) | |
| Defendant(s) ) | |
| ) | |

October 1, 2016

**MEMORANDUM OF LAW SUPPORTING PLAINTIFF WILNICK DORVAL'S MOTION FOR THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLAND DIVISION OF ST. THOMAS AND ST. JONH TO REFER AMENDED COMPLAINT TO THE UNITES STATE ATTORNEY GENERAL FOR CRIMINAL PROSECUTION**

NOW COMES plaintiff, Wilnick Dorval, acting *Pro se* state the following:

The United States District Court of the Virgin Island Division of St. Thomas and St. John (court) should refer the Amended Complaint (complaint) to the United States Attorney General for prosecution of all the Defendants above in this action because Defendants collectively acting in

1

concert violated federal civil right laws, Virgin Islands criminal laws and other laws and policies of the United States and the Territory of the Virgin Islands.  Defendants Moe's Fresh Market, Wallie Hamed and his employees stalked, harassed and engaged in criminally aggressive behavior and pattern of conduct to intimidate me from shopping at the store.  Further, the complaint complies with Rule 3 and Rule 4 of the Federal Rule of Criminal Procedures and meets the requirements of the Fourth Amendment to the United States Constitution.

## JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C §1331, §1343 and §1345, and 42 U.S.C. § 2000 (a), et seq. The claims arose under the laws of the United States, specifically 42 U.S.C. §1981, §1982, § 2000 (a), federal and U.S. Virgin Island criminal statutes.

## STANDARD FOR REFERING A CRIMINAL COMPLAINT TO THE UNITED STATES ATTORNEY GENERAL

A private citizen may commence a criminal action by asking the magistrate judge to refer the matter to the United States Attorney General. "Although a private citizen is not barred by the Rules from instituting a complaint before a magistrate, he may not do so as a matter of right." U.S. ex rel. Savage v. Arnold, 403 F.Supp.172, 174 (E.D.Pa.1975). "Rather than permit private complaints to be filed, it has been suggested that such matters be referred to the United States Attorney." Id. That court stated that "this is the specific practice recommended by the Judicial Conference of the United States:

In all cases…where a private citizen complains, it is a good practice, since the burden of prosecution will fall on the United States Attorney before a complaint is filed, at least in

absence of an emergency requiring immediate action of the commissioner." Id. Indeed, courts have held that "[u]sually , if a private citizen seeks to file a complaint, the magistrate refers the matter to the United States Attorney." Harman v. Frye, 188 W.Va.611, 425 S.E.2d 569 (W.Va.1992). Therefore, this Court has the authority to refer the Amended Complaint to the United State Attorney General as a criminal complaint for prosecution of all Defendants. Accordingly, I hereby request that the Honorable Ruth Miller, Magistrate Judge, administers an oath and refers this action to the United States Attorney General for criminal prosecution of all Defendants.

    The Amended Complaint complies with both Rule 3 and Rule 4 of Federal Rules of Criminal Procedures to allow this Court to refer this action to the United States Attorney General. Courts that considered the issue of a private person filing a criminal complaint explained that the plaintiff needs to comply with both Rule 3 and Rule 4 of the Federal Rule of criminal Procedures to meet the requirements of the Fourth Amendment to the United States Constitution.

    Rule 3 states:

"The complaint is a written statement of the essential facts constituting the offense charged. Except as provided in Rule 4.1, it must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer." F.R.Cr.P.3. I hereby request that I take an oath about the allegations in the Amended Complaint before the Honorable Ruth Miller, Magistrate Judge.

    Additionally, Rule 4 states:

> (a) Issuance. If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it. At the request of an attorney for the government, the judge must issue a summons, instead of a warrant, to a person authorized to serve it. A judge may issue more than one warrant or summons on the same complaint. If a defendant fails to appear in response to a summons, a judge may, and upon request of an attorney for the government must, issue a warrant.
>
> (b) Form.
> (1) *Warrant.* A warrant must:
>   (A) contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty;
>   (B) describe the offense charged in the complaint;
>   (C) command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer; and
>   (D) be signed by a judge. F.R.Cr.P.4.

Unlike the plaintiff in U.S. ex rel. Savage v. Arnold, 403 F.Supp.172 (E.D.Pa.1975), the Amended Complaint alleges sufficient facts to establish the offense charged. First, the complaint explained in details how Moe's Fresh Market's employees, owner and a group of individual from Sapphire Village Development followed me to the store to stalk, harass, and intimidate. As such, the complaint alleges that groups of individuals including Moe's Fresh Market employees engaged in the following criminally aggressive and predatory course or pattern of conducts: They hid behind the aisles and deliberately and purposely lunged at the corner of my eyes when I looked up; they flicked and moved their heads wildly when I looked up; they blocked my path; and they pushed and touched me to irritate. Compl. at ¶ 4.

Second, the complaint sufficiently alleges that Defendants acted willfully, wantonly, deliberately and purposely when they lunged at the corner of my eyes; flicked their heads each time I look-up and blocked my path in the stores. Defendants actions are intentional because their behavior is well organized and synchronized to military precisions in that Defendants knew

exactly where to be on the floor, when to lunge and ran quickly to get to a certain spot in the store.

Third, the complaint lists all primary Defendants by name, Wallie Hamed and his employees.

In U.S. ex rel. Savage v. Arnold, 403 F.Supp.172 (E.D.Pa.1975), the court rejected plaintiff criminal complaint for several reasons: (1) it failed to state the essential facts constituting the offense charged (quotation marked omitted) (2) it failed to show willfulness on the part of any of the named defendants (3) nor to establish the alleged conspiracy (4) it failed to list the primary defendants (5) it failed to adequately identify the defendants to allow the issuance of arrest warrants. In contrast, my complaint states sufficient facts to establish probable cause under the Fourth Amendment to the United States Constitution and sufficiently identified each Defendant to allow the issuance of arrest warrants.

Finally, it is foreseeable that I will suffer severe emotional trauma and humiliation by subjecting me to intense criminal harassment the entire time I am shopping in the store.

This Court has the authority to refer this matter as a private criminal complaint to the United States Attorney General for the prosecution of all Defendants. I hereby request that the Honorable Ruth Miller, Magistrate Judge, administers an oath for the Amended Complaint and refers it to the United States Attorney General for the prosecution of all Defendants because the complaint complies with Rule 3 and Rule 4 of Federal Rule of Criminal Procedures to meet the requirements of the Fourth Amendment to the United States Constitution.

**REQUEST FOR RELIEF**

WHEREFORE, I request the following relief:

5

- For the Honorable Ruth Miller, Magistrate Judge, to schedule and administer an oath for the Amended Complaint.

- For the Honorable Ruth Miller, Magistrate Judge, to refer the Amended Complaint as a private criminal complaint to the United States Attorney General

- For this Court to issue a bench warrant for the arrest and prosecution of all Defendants in this matter for harassment, stalking, assault and battery.

- For such other and further relief as the court deems just and proper.

Dated: October 1, 2016

/s/ Wilnick Dorval

Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802
Phone: (917) 602-3354
Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing

users, and I hereby certify that I mailed an exact copy by first class U.S. Mail on the following:

Wilfredo A. Geigel, Esq.,
5020 Anchor Way/P.O. Box 25749
Gallows Bay, St. Croix 00824

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, Virgin Islands 00802

Dorval.wilnick@gmail.com

(917) 602-3354
