```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Civil No. 2016-61
                                 )
MOE'S FRESH MARKET, WALLIE HAMED )
                                 )
          Defendants.            )
_____)
```

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
   *Pro se plaintiff,*

**Eugenio W.A. Geigel Simoumet**
**Wilfredo A. Geigel**
Law Offices of Wilfredo Giegel
St. Croix, U.S.V.I.
   *For Moe's Fresh Market and Wallie Hamed.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Moe's Fresh Market and Wallie Hamed to dismiss the instant action for lack of subject matter jurisdiction.

### FACTUAL AND PROCEDURAL HISTORY

On July 18, 2016, Wilnick Dorval ("Dorval") filed a complaint against Moe's Fresh Market ("Moe's"). On July 25, 2016, Dorval filed an amended complaint (the "amended complaint") alleging claims against Moe's and Willie Hamed ("Hamed").

Dorval alleges that Moe's is a grocery store located in St. Thomas, U.S. Virgin Islands, which is owned by Hamed. Dorval alleges that on several occasions while Dorval was shopping at Moe's, employees harassed Dorval when he attempted to shop at Moe's and attempted "to intimidate [Dorval] from continuing to shop at the store because [he] [is] black." ECF No. 4 at ¶ 4.3.1. Dorval further alleges that on April 11, 2016, Hamed refused to sell Dorval groceries and banned Dorval from shopping at Moe's. Dorval alleges that he "explained to . . . Hamed that [Hamed] is discriminating against [Dorval] because [Dorval] [is] black, . . . Hamed th[e]n pointed to a notice on the door that states that the store has the right to refuse business." *Id.* at ¶ 4.4.3.

Dorval alleges four causes of action: (1) a 42 U.S.C. § 1981 ("Section 1981") claim against Moe's; (2) a Section 1981 claim against Hamed; (3) an intentional infliction of emotional distress ("IIED") claim against Moe's; and (4) an IIED claim against Hamed.

Moe's and Hamed now move to dismiss Dorval's complaint for lack of subject matter jurisdiction.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") governs motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a

facial or a factual challenge to a court's subject-matter jurisdiction. *See Gould Elecs. V. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 189-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). When a party has yet to answer the Complaint or engage in discovery, the motion to dismiss is a facial attack on the Court's subject matter jurisdiction. *See Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial").

"[A] factual challenge[] attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (original alterations omitted) (quoting Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014)); see

also *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police,* 920 F.2d 198, 200 (3d Cir.1990) (holding that factual basis for jurisdictional allegations in complaint could be disputed before answer was served). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that because at issue is the very power of the trial court to hear the case, a court is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

## **ANALYSIS**

Moe's and Hamed have not filed an answer to Dorval's complaint, and no party has engaged in discovery in this action. Further, in their motion to dismiss, Moe's and Hamed do not dispute any of Dorval's allegations, nor do they present any competing facts. Accordingly, the Court construe's the motion to dismiss as presenting a facial challenge to the Court's subject matter jurisdiction.

Moe's and Hamed argue that the Court may not exercise federal question jurisdiction over this matter because Section "1981 by itself does not establish grounds for federal jurisdiction." ECF No. 14 at 2.

This Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (explaining that 28 U.S.C. § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law").

Here, Dorval has alleged two causes of action alleging that Moe's and Hamed violated Section 1981. Section 1981 is a federal statute that creates a private right of action.[1] *See* 42 U.S.C. §

---

[1] Section 1981 provides:
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Under Section 1981, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or

1981; *see also Perry v. Command Performance*, 913 F.2d 99, 101 (3d Cir. 1990). Because "federal law create[d]" Dorval's Section 1981 causes of action, these claims "arise[] under federal law." *See Gunn*, 568 U.S. at 257. Accordingly, the Court may exercise federal question jurisdiction over Dorval's Section 1981 claims. *See* 28 U.S.C. § 1331 (granting district courts subject matter jurisdiction over "all civil actions arising under the . . . laws . . . of the United States").

Dorval has also alleged two IIED causes of action under territorial law. Where, as here, a court is satisfied that it may exercise federal question jurisdiction over certain claims, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same constitutional case if they "derive from a common nucleus of operative fact," and "are such that the plaintiff would ordinarily be expected to try them

---

would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "Section 1981's protections apply to '*all* contracts,' which undoubtedly includes the sale of goods or services at retail establishments." *Sayed-Aly v. Tommy Gun, Inc.*, 170 F. Supp. 3d 771, 775-76 (E.D. Pa. 2016) (citation omitted) (quoting Rivers v. Roadway Express, Inc., 411 U.S. 298, 304 (1994)); *see also Garrett v. Tandy Corp.*, 295 F.3d 94, 99 (1st Cir. 2002).

all in one judicial proceeding." *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991) (alterations omitted) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Dorval's two IIED claims are premised on the same conduct Dorval alleges violated § 1981. Accordingly, the Court may exercise supplemental jurisdiction over Dorval's IIED claims as well.

The premises considered; it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number 14 is **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**