```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil No. 2016-61
                                   )
MOE'S FRESH MARKET, WALLIE HAMED   )
                                   )
          Defendants.              )
_____)
```

**APPEARANCES:**

**Wilnick Dorval**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Eugenio W.A. Geigel-Simounet**
Law Offices of Wilfredo Giegel
St. Croix, U.S.V.I.
    *For Moe's Fresh Market and Wallie Hamed.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Moe's Fresh Market and Wallie Hamed to dismiss the instant action.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 18, 2016, Wilnick Dorval ("Dorval") filed a complaint against Moe's Fresh Market ("Moe's"). On July 25, 2016, Dorval filed an amended complaint (the "amended complaint") alleging claims against Moe's and Willie Hamed ("Hamed").

Dorval alleges that Moe's is a grocery store located in St. Thomas, U.S. Virgin Islands, which is owned by Hamed. Dorval

alleges that on several occasions while he was shopping at Moe's, employees harassed Dorval and attempted "to intimidate [Dorval] . . . because [he] [is] black." ECF No. 4 at ¶ 4.3.1. Dorval further alleges that on April 11, 2016, Hamed refused to sell Dorval groceries and banned Dorval from shopping at Moe's.

Dorval alleges four causes of action: (1) a 42 U.S.C. § 1981 claim against Moe's; (2) a 42 U.S.C. § 1981 claim against Hamed; (3) an intentional infliction of emotional distress claim against Moe's; and (4) an intentional infliction of emotional distress claim against Hamed.

On August 25, 2016, Moe's and Hamed moved to dismiss the amended complaint for lack of subject matter jurisdiction. The Court denied that motion.

On February 9, 2018, Moe's and Hamed filed a second motion to dismiss.

## II. DISCUSSION

Federal Rule of Civil Procedure 12 ("Rule 12") allows a defendant to "assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b). A motion raising

one of these defenses "may be joined with any other motion allowed by this rule." Fed. R. Civ. P. 12(g)(1).

As a general rule, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This general rule is subject to several exceptions however. A motion asserting lack of subject-matter jurisdiction may be raised at any time. *See* Fed. R. Civ. P. 12(h)(3). In addition, "[f]ailure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised (A) in any pleading allowed or ordered under Rule 7(a);(B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2).

### III. ANALYSIS

Moe's and Hamed previously filed a motion to dismiss on August 25, 2016, arguing that Dorval's amended complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). In their second motion to dismiss, Moe's and Hamed assert that (1) Dorval has failed to state a claim under Section 1981; (2) this Court lacks subject matter jurisdiction over Dorval's claims; (3) Service on Moe's and Hamed was ineffective and untimely.

Failure to state a claim may be raised under Rule 12(c) and lack of subject matter jurisdiction may be raised at any time. *See* Fed. R. Civ. P. 12(h)(2)-(3). Accordingly, the Court will consider those arguments. However, Moe's and Hamed waived their ineffective service argument by failing to include that argument in their August 25, 2016, motion to dismiss.

**A. Failure to State a Claim**

"Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings for failure to state a claim are judged according to the same standard." *Gebhart v. Steffen*, 574 F. App'x 156, 158 (3d Cir. 2014). When reviewing a motion to dismiss brought pursuant to Rule 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly,* 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are

> not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 674, 679).

Moe's and Hamed argue that Dorval has failed to state a claim under 42 U.S.C. § 1981 ("Section 1981"). Section 1981 provides, in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

42 U.S.C. § 1981(a). Under Section 1981, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

"Section 1981's protections apply to '*all* contracts,' which undoubtedly includes the sale of goods or services at retail establishments." *Sayed-Aly v. Tommy Gun, Inc.*, 170 F. Supp. 3d 771, 775-76 (E.D. Pa. 2016) (citation omitted) (quoting Rivers v. Roadway Express, Inc., 411 U.S. 298, 304 (1994)); *see also Garrett v. Tandy Corp.*, 295 F.3d 94, 99 (1st Cir. 2002).

To establish a claim under Section 1981, a plaintiff must allege facts that support the following elements: (1) the plaintiff is a member of a racial minority, (2) an intent to discriminate on the basis of race by the defendant, and (3) the existence of an impaired contractual relationship under which the plaintiff has rights. *See Dominos Pizza Inc.,* 546 U.S. at 475-77; *see also Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017). To show a contractual relationship in a retail context, a plaintiff "must show an attempt to purchase, involving a specific intent to purchase an item, and a step toward completing that purchase." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 470 (8th Cir. 2009). Such a relationship is "impaired" when "the retailer thwarted the shopper's intent to make [that] contract" by "block[ing] the creation of a contractual relationship." *Id.* at 471 (internal quotation marks omitted); *see also Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 752 (5th Cir. 2001) ("[T]o raise a material issue of

fact as to her § 1981 claim, Morris must offer evidence of some tangible attempt to contract with Dillard's during the course of the ban, which could give rise to a contractual duty between her and the merchant, and which was in some way thwarted.").

The amended complaint alleges that when he attempted to shop at Moe's, Moe's employees engaged in disruptive, and at times bizarre, behavior designed to harass Dorval and "intimidate [him] from continuing to shop at [Moe's] because [he] [is] black." *See* ECF No. 4 at ¶ 4.3.1." This behavior included blocking Dorval from moving down the aisles in the grocery store, "lung[ing]" at Dorval, using "exaggerated . . . body movements" directed at Dorval, "flick[ing] their heads wildly" at Dorval, "and "stomp[ing] their feet and ma[king] noise disturbances." *See id.* Dorval alleges that no Moe's employees directed such behavior towards white customers.

The amended complaint alleges that on April 11, 2016, Dorval "selected several baby Spanish items, Hill Farm slice turkey, and bread" at Moe's, took them to a cashier, and asked to pay for the items. *See id.* at 4.4.3. Hamed refused to sell Dorval the groceries and banned Dorval from shopping at Moe's. Dorval "explained to . . . Hamed that [Hamed] is discriminating against [Dorval] because [Dorval] [is] black, . . . Hamed th[e]n pointed to a notice on the door that states that the store has

the right to refuse business." *See id.* The amended complaint alleges that Moe's has never refused the business of a white customer.

Here, Dorval alleges that he is a member of a racial minority, that Hamed and Moe's intentionally discriminated against Dorval because of his race, and that Dorval attempted to purchase specific items, taking specific steps towards doing so, before Hamed and Moe's thwarted the transaction. Dorval has therefore stated a cause of action under Section 1981. *See Gregory*, 565 F.3d at 470-71; *see also Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 874 (6th Cir.), *opinion supplemented on denial of reh'g*, 266 F.3d 407 (6th Cir. 2001) (holding jury could reasonably find violation of Section 1981 where black plaintiff "had selected merchandise to purchase, had the means to complete the transaction, and would, in fact, have completed her purchase had she not been asked to leave the store" and where defendant "treated [plaintiff] differently from a[nother] shopper similarly situated in all relevant respects").

**B. Subject Matter Jurisdiction**

Dorval has alleged two causes of action alleging that Moe's and Hamed each violated Section 1981. Section 1981 is a federal statute that creates a private right of action. *See* 42 U.S.C. § 1981; *see also Perry v. Command Performance*, 913 F.2d 99, 101

(3d Cir. 1990). Because "federal law create[d]" Dorval's Section 1981 causes of action, these claims "arise[] under federal law." *See Gunn*, 568 U.S. at 257. Accordingly, the Court may exercise federal question jurisdiction over Dorval's Section 1981 claims. *See* 28 U.S.C. § 1331 (granting district courts subject matter jurisdiction over "all civil actions arising under the . . . laws . . . of the United States").

Dorval has also alleged two IIED causes of action under territorial law. Where, as here, a court is satisfied that it may exercise federal question jurisdiction over certain claims, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same constitutional case if they "derive from a common nucleus of operative fact," and "are such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991) (alterations omitted) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Dorval's two IIED claims are premised on the same conduct Dorval alleges violated § 1981. Accordingly, the Court may

exercise supplemental jurisdiction over Dorval's IIED claims as well.

The premises considered, it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number 99 is **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**