IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL | ) CASE NO.: 3-16-CV-00061-WAL-RM |
| Plaintiff, | ) |
| v. | ) |
| MOE'S FRESH MARKET; DEMAH INC. D/B/A MOE'S FRESH MARKET; AND WALLIE HAMED | ) |
| Defendants. | ) |

## MOTION FOR ATTORNEY'S FEES AND COSTS

COME NOW, Defendants Moe's Fresh Market and Wallie Hamed by and through the undersigned counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 54; 5 VIC 541 and 42 U.S.C.A. § 2000e-5k3, for an award of attorney fees and costs.

## APPLICABLE LAW

Defendants herein respectfully move this Honorable Court for an imposition against Plaintiff and an award in favor of defendants for costs and attorney's fees, pursuant to the following governing dispositions.

Federal Rule of Civil Procedure 54(d) holds, in relevant part, as follows:

*(d) Costs; Attorney's Fees.*
*(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.*
*(2) Attorney's Fees.*
*(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.*

Case: 3:16-cv-00061-AET-RM   Document #: 298   Filed: 12/14/18   Page 2 of 9

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 2

*(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:*
*(i) be filed no later than 14 days after the entry of judgment;*
*(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;*
*(iii) state the amount sought or provide a fair estimate of it; and*
*(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.*

**Title VII**, **42 U.S.C. § 2000e-5(k)** holds as follows:

**Attorney's fee; liability of Commission and United States for costs:**

*In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.*

For its part U.S. Virgin Islands law governs this area pursuant to **5 V.I.C. 541**:

*Subsection (a) lists the following recoverable costs:*

*(1) fees of officers, witnesses, and jurors;*
*(2) Necessary expenses of taking depositions which were reasonably necessary in the action;*
*(3) Expenses of publication of the summons or notices, and the postage when they are served by mail;*
*(4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;*
*(5) Necessary expense of copying any public record, book, or document used as evidence on the trial.*
*(6) Attorney's fees as provided in subsection (b) of this section.*
*(b) The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.*
*(c) For the purposes of this section, 'frivolous' means:*

Case: 3:16-cv-00061-AET-RM   Document #: 298   Filed: 12/14/18   Page 3 of 9

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 3

*(i) without legal or factual merit; or*

*(ii) for the purpose of causing unnecessary delay; or*

*(iii) for the purpose of harassing an opposing party*

## ARGUMENTS ON THE AUTHORITY AND THEIR APPLICABILITY

**A.     Attorneys' Fees**

"To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." Staples v. Ruyter Bay Land Partners, LLC, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008). The Court undertakes a two-step inquiry when examining the reasonableness of attorneys' fees. Baumann v. Virgin Islands Water & Power Auth., 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016). "First, the Court determines whether the hours billed were 'reasonably expended.'" *Id.* (citation omitted). "Second, the Court determines whether the hourly rate sought is reasonable in comparison to the prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citation omitted). "The party seeking attorneys' fees bears the burden of proving that their request is reasonable." Baumann, 2016 WL 1703312 at *1 (citation omitted)*.* See also Washington v. Phila. County Ct. of Com. Pl., 89 F.3d 1031, 1035 (3d Cir.1996) ("The lodestar is strongly presumed to yield a reasonable fee.").

Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." M&T Bank v. Soto, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (citing Anthony on Behalf of Lewis v. Abbott, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)).  For claims arising under local rather than

Case: 3:16-cv-00061-AET-RM Document #: 298 Filed: 12/14/18 Page 4 of 9

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 4

federal law, local fee shifting statutes apply. <u>Mendez v. Puerto Rican Int'l Companies, Inc</u>., 2015 WL 720974, at *2 (D.V.I. Feb. 18, 2015) (citations omitted). Presently before this Honorable Court is a petition from Defendants for an award of attorney's fees which is well within the "reasonable hourly rate" of this jurisdiction; as the two attorneys billed between one hundred seventy-five ($175.00) an hour and two hundred ($200.00) an hour. Three years after the <u>M&T Bank Opinion</u>. (Exhibits 1-2).

  Defendants herein respectfully move this Honorable Court for an imposition on Plaintiff and an award in favor of defendants for attorney's fees; as detailed in the supporting affidavit of counsel and itemized listing of costs and fees. (Exhibits 1-3) Under Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." 42 U.S.C. § 2000e-5(k). The formula utilized to determine the amount of attorneys' fees that a prevailing party is entitled to receive in a civil rights action has already been established by ample case law. "*The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate.*" <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983))  See also <u>Rode v. Dellarciprete,</u> 892 F.2d 1177, 1183 (3d Cir. 1990) holding the estimate as the "lodestar". There, the Third Circuit Court of Appeals addressed the proper degree of specificity required of a party seeking attorneys' fees, and stated that specificity should only be required to the extent necessary for the court "*to determine if the hours claimed are unreasonable for the work performed.*" Id. at 1190. "*It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of*

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 5

*each attorney.*" Id. (citing Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp., 487 F.2d 161, 167 (3d Cir.1973)).

The Defendants have moved with supporting documentation (Exhibit 1-2) detailing, even though it is not necessary, the attorney's fees for this case, necessary for the defense of the claim by Plaintiff. A claim which we note was unnecessarily complicated and convoluted by Plaintiff himself with the multiple and unnecessary filings; which on more than one occasion required admonitions from this Court.

F.R.C.P. 54(d)(2), although not an independent source for awarding attorney's fees, it establishes a procedure for claiming an award of attorney's fees if a local or federal statute can be found that award of attorney's fees. See, Alyeska Pipeline Serv. Co. v. Wildeerness Soc'y, 421 U.S. 240, 257 (1975). While attorney's fees, even under this provision, are not necessarily intended as full reimbursement to a prevailing party, the court has considerable latitude when entertaining it. See, Meléndez v. Rivera, 24 V.I. 63 66 (V.I. Terr. Cr. 1988).

Title 5 V.I.C. § 541 as made applicable to our argument herein holds in relevant part:

*(6) Attorney's fees as provided in subsection (b) of this section.*
*(b) The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.*
*(c) For the purposes of this section, 'frivolous' means:*
*(i) without legal or factual merit; or*
*(ii) for the purpose of causing unnecessary delay; or*
*(iii) for the purpose of harassing an opposing party*

Attorneys' fees are awarded on the basis of time spent on a case, not that which is anticipated and may not be realized. Devcon Int'l Corp. v. Reliance Ins. Co., 2008

Case: 3:16-cv-00061-AET-RM Document #: 298 Filed: 12/14/18 Page 6 of 9

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 6

U.S. Dist. LEXIS 1087 (D.V.I. Jan. 2, 2008). Courts are permitted to award attorney's fees to the prevailing party, but the decision of whether and to what extent fees should be awarded is within the court's discretion. Wenner v. Government of the Virgin Islands, 29 V.I. 158, 1993 U.S. Dist. LEXIS 19935 (D.V.I. 1993). The time spent on this case has been properly evidenced and supported in this motion by way of the affidavit of counsel and the itemization of the costs and fees incurred in the defense of this case. (Exhibit 1-3).

For its part 5 VIC 541 (b) has also been held permissible if the substantive claim under which a party prevails is brought under territorial law. Figueroa v. Buccanner Hotel Inc.,188 F.3d 172 (3rd Cir. 1999). Plaintiff herein presented a claim pursuant to 10 VIC 64 and judgment was entered for Defendants on all counts.

Standards to guide the district courts in awarding such reasonable fees were stated by Chief Judge Seitz in Lindy, *supra* 487 F.2d at 167:

*Before the value of the attorney's services can be determined, the district court must ascertain just what those services were. To this end the first inquiry of the court should be into the hours spent by the attorneys -- how many hours were spent in what manner by which attorneys. It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney. But without some fairly definite information as to the hours devoted to various general activities . . ., the court cannot know the nature of the services for which compensation is sought.* Estien v. Clifford Christian, , 507 F.2d 61 (3rd Cir. 1975). In Lucerne Investment Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3rd Cir. 1969), Judge Maris listed the following as 'appropriate criteria for the court's

Case: 3:16-cv-00061-AET-RM Document #: 298 Filed: 12/14/18 Page 7 of 9

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 7

consideration in awarding attorney's fees as costs to a prevailing party in a civil action under' 5 V.I.C. 541:

> '. . . the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation.'
>
> Also, this court has recognized that 'the amount of the attorney's fee agreed upon between attorney and client, or actually paid, is only one factor to be considered in making an award under section 541.
>
> Pursuant to the aforementioned Defendants respectfully move this honorable

Court to grant this petition for attorney's fees.

**B.  Costs**

An award of costs is within the sound discretion of the court. Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 624 F.2d 7, 9 (3rd Cir. 1980); see, also, Cross v. General Motor Corp., 721 F.2d 1152, 1157 (8th Cir. 1983); In re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626, 629 (2nd Cir. 1982); Linneman Construction, Inc. v. Montana de Dakota Utilities Co., 504 F.2d 1365, 1370 (8th Cir. 1974). The scope of this discretion is often called "broad". See, e.g. Illinois Sangamo Construction Co., 657 F.2d 855, 864 (7th Cir. 1981); Economic Laboratory, Inc. v. Donnolo, 612 F.2d 405, 411 (9th Cir. 1979); Fey v. Walston & Co., 493 F.2d 1036, 1056 (7th Cir. 1974); Knight v. Minnesota Community College Faculty Assoc., 571 F.Supp. 1, 14 (D. Minn. 1982). Once a taxation cost is challenged, the district court having determined which party has prevailed in the action and that taxation of cost is an appropriate exercise of discretion under F.R.C.P. 54(d); must further determine which items of cost claimed by the prevailing party in its bill of costs should

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 8

be allowed.

The Supreme Court has stated:

"We do not read Rule 54(d) as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as cause should always be given careful scrutiny."

In particular the Court continued: *"the discretion given district judges to tax cost should be sparingly exercised with reference to expense not specifically allowed by statute."* Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 85 S.Ct. 411, 416 13 Lawyer's Ed.2d 248 (1964). Rule 54 is procedural and does not create a substantive right to attorney's fees. Abrams v. Lightolier, Inc. 50 F.2d 1204, 1224 (3rd Cir. 1995).

Costs are determined under 5 VIC 541. Specifically 5 V.I.C. 541(a) lists the following recoverable costs:

1. Fees of officers, witnesses and jurors;
2. Necessary expenses of taking depositions which were reasonably necessary in the action;
3. Expenses of publication of the Summons or notices, and the postage when they are served by mail;
4. Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
5. Necessary expense of copying any public record, book, or documents used as evidence in the trial …; and
6. Attorney's fees as provided in subsection B of this section.

The award of fees under section 541 is pursuant to the discretion of the Court. Figueroa v. Buccanner Hotel Inc., 188 F.3d 172 (3rd Cir. 1999); Dr. Bernard Heller Found v. Lee, 847 F.2d 83 (3rd Cir. 1988). For easier reference we have enclosed as Exhibit 1, Affidavit of Counsel in support of this motion together with an itemization of costs application, outlining all the costs incurred as well as a statement of fees. As provided to this Honorable Court said costs, include the following: Deposition transcript;

Case: 3:16-cv-00061-AET-RM   Document #: 298   Filed: 12/14/18   Page 9 of 9

Defendants Motion for Attorney's Fees and Costs
Wilnick Dorval v. Moe's Fresh Market, et al
Page 9

litigation related travels; and litigation related paper copies. All of which fall within the purview of 5 V.I.C. § 54(a).

Therefore, Defendants are permitted to recover the full amount of all costs reasonably expended in this litigation. Defendants have incurred in costs of $ 3,312.00 and have submitted the affirmation of Eugenio W.A. Géigel-Simounet in support of these costs as well as a detailed breakdown of these costs.

**WHEREFORE**, based on the foregoing, Defendants respectfully requests for this Court award for attorney fees for $84,950.72 and an award for costs of $3,312.00.

Respectfully submitted,

GS LAW OFFICES P.C.
Attorneys for **DEFENDANTS**

Dated: December 14, 2018

By: /s/ Eugenio W.A. Géigel-Simounet
Eugenio W.A. Géigel-Simounet, Esq.
VI Bar No. 999
5020 Anchor Way/P.O. Box 25749
Gallows Bay, St. Croix
U.S. Virgin Islands 00824
Tel: (340) 778-8069 / Fax (340) 773-8524
egeigel@gs-lawoffices.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th, day of December, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, and sent a copy via email to plaintiff at:

Wilnick Dorval
6700 Sapphire Village
Apartment 265
St. Thomas, VI  00802
Dorval.wilnick@gmail.com

/s/ Eugenio W.A. Géigel-Simounet, Esq.