NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

WILNICK DORVAL,

    Plaintiff,

v.

MOE'S FRESH MARKET, WALLIE
HAMED, and DEMAH, INC. d/b/a Moe's
Fresh Market,

    Defendants.

Civ. No. 16-61

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Relief from Judgment filed by Plaintiff Wilnick Dorval ("Plaintiff"). (ECF No. 295.) Defendants Demah, Inc., doing business as Moe's Fresh Market; and Wallie Hamed (collectively, "Defendants") oppose. (ECF No. 299.) The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is denied.

## BACKGROUND

This case arises from allegations that Plaintiff was harassed while he shopped at Moe's Fresh Market ("Moe's") and was excluded from shopping there. (2d Am. Compl. ¶ 4, ECF No. 286.) Plaintiff alleges that these actions were taken because he is black and of Haitian ancestry.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

(*Id.*) He claims violations of 42 U.S.C. § 1981 and intentional infliction of emotional distress. (*Id.* ¶ 5.)

A bench trial was held on November 5, 2018. (ECF No. 282.) On November 30, 2018, the Court issued Findings of Fact and Conclusions of Law (ECF No. 291) and entered judgment in favor of Defendants on all Counts (ECF No. 290). The Court found, in short, that Plaintiff was not harassed as alleged, that Plaintiff had been excluded from shopping at Moe's, and that this exclusion was due to Plaintiff's repeated video recording in the store rather than due to his race or ethnicity. (Findings at 2–6.)

Mohammed Hamed, a manager at Moe's, testified at the trial. (*Id.* at 4.) There he was presented with a video that showed a man telling Plaintiff that he was not welcome in the store and that the store has a right to refuse service. (*Id.* at 4–5.) Hamed stated that he was the person in the video who made those statements. (*Id.* at 4 n.3.) However, Plaintiff asserted that the man in the video was not Hamed but another individual. (*Id.*) The Court addressed this discrepancy in its Findings of Fact and Conclusions of Law and reasoned, "Because Mohammed Hamed admitted to being the person in the video despite the fact that it possibly inculpates him, the Court accepts Mohammed Hamed's testimony that he is the one in the video." (*Id.*)

Plaintiff now filed the present Motion on December 2, 2018, arguing once again that it was not Hamed but another individual who was in the video. (Pl.'s Br. at 1, 3, ECF No. 295.) Plaintiff therefore argues that Hamed and Defendants' attorney committed fraud and that the Court should grant relief from its judgment on this basis. (*Id.* at 1.) Defendants opposed the Motion on December 17, 2018 (ECF No. 299), and Plaintiff replied the same day (ECF No. 300). The Motion is presently before the Court.

2

## DISCUSSION

Rule 60(b)(3) of the Federal Rules of Civil Procedure states that "the court may relieve a party or its legal representative from a final judgment [because of] fraud . . . by an opposing party." Additionally, Rule 60(d)(3) preserves "the court's power to . . . set aside a judgment for fraud on the court." Relief from judgment under either provision requires, *inter alia*, that fraud be proven by clear and convincing evidence. *Dougboh v. Cisco Sys.*, 726 F. App'x 914, 915 (3d Cir. 2018) (citing *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960)); *Hatchigian v. IBEW Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)).

Here, Plaintiff has not proven fraud by clear and convincing evidence. Plaintiff asserts that Hamed is not the person in the video, but outside of this assertion he has not presented any evidence showing this to be the case. For example, Plaintiff has not provided an affidavit or other testimony of the person he claims to be the true subject of the video, nor has he provided any photographic evidence showing that Hamed is not the subject of the video. Instead, Plaintiff seems to be asking the Court to reconsider the conclusion it reached at trial. The Court previously concluded, after considering all evidence presented, that Hamed was the person in the video. In the absence of new, clear and convincing evidence to the contrary, the Court's previous conclusion stands, and relief from judgment will not be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment is denied. An appropriate Order will follow.

Date: 12-20-18

ANNE E. THOMPSON, U.S.D.J.