NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILNICK DORVAL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MOE'S FRESH MARKET, WALLIE HAMED, and DEMAH, INC. d/b/a MOE'S FRESH MARKET,<br><br>　　　　　Defendants. | Civ. No. 16-61<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the Motion for Attorney's Fees and Costs filed by Defendants Demah, Inc., doing business as Moe's Fresh Market, and Wallie Hamed (collectively, "Defendants"). (ECF No. 298.) Plaintiff Wilnick Dorval opposes. (ECF No. 306.) The Court has decided the Motion upon the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

## **BACKGROUND**

This case arises from allegations that Plaintiff was harassed while he shopped at Moe's Fresh Market and was excluded from shopping there. (2d Am. Compl. ¶ 4, ECF No. 286.) Plaintiff alleges that these actions were taken because he is black and of Haitian ancestry. (*Id.*)

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

He claims violations of 42 U.S.C. § 1981 and intentional infliction of emotional distress. (*Id.* ¶ 5.)

A bench trial was held on November 5, 2018. (ECF No. 282.) On November 30, 2018, the Court issued Findings of Fact and Conclusions of Law ("Findings") (ECF No. 291) and entered judgment in favor of Defendants on all Counts (ECF No. 290). The Court found, in short, that Plaintiff was not harassed as alleged, that Plaintiff had been excluded from shopping at Moe's, and that this exclusion was due to Plaintiff's repeated video recording in the store rather than due to his race or ethnicity. (Findings at 2–6.)

Defendants now move for attorney's fees and costs. (ECF No. 298.) Defendants request $84,950.72 in attorney's fees and in support attach a 118-page ledger cataloguing the time spent by its counsel in this case and their hourly rates. (Proposed Order, ECF No. 298-4; Ledger, ECF No. 298-2.) Of the $84,950.72 total, $2,000 comes from time marked "Unbillable" (Ledger at 118), and some of that unbillable time is duplicative of billable time (*see id.* at 92–93 (two entries marked "travel to St. Thomas for deposition of Mohamed Hamed" for the same day and same amount of time, one of which is marked unbillable)). The rest of the $84,950.72 total comes from billed time: $8,750.50 from 47.3 hours of work by Lead Counsel Eugenio W.A. Géigel Simounet at a rate of $185/hour; $8,715 from 49.8 hours performed by an individual identified in the ledger as "AAW" at $175/hour; and the remainder from approximately 327.4 hours performed by Géigel at a rate of $200/hour. (*See generally id.*)[2] Why Géigel increased his hourly rate partway through the litigation is not explained.

Defendants also seek costs totaling $3,312.00. (*See* Proposed Order.) In support,

---

[2] The figures do not add up perfectly. One entry in the ledger identifies 0.25 hours of work at $200/hour, but then calculates the total expense to be $50.22 instead of $50.00. (Ledger at 91.)

Defendants submit a short ledger listing expenses for document copying and binding, travel to depositions and status conferences in St. Croix, and court reporter services during a deposition. (ECF No. 298-3.)

Defendants filed the present Motion for Attorney's Fees and Costs on December 14, 2018. (*See* Mot.) Plaintiff opposed on January 4, 2019 (ECF No. 306), and Defendants replied on January 11, 2019 (ECF No. 308). The Motion is presently before the Court.

## **LEGAL STANDARD**

Within fourteen days of the entry of judgment, a party may move for attorney's fees, specifying the legal grounds entitling it to fees and an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(A)–(B). The federal courts generally follow the "American Rule" whereby each party bears the cost of its own attorney's fees. *Alyeaska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). 5 V.I.C. § 541(b) provides an exception to the American Rule to allow fee-shifting in certain circumstances. *Baptiste v. Gov't of V.I.*, 529 F.2d 100, 101 (3d Cir. 1976); *Kalloo v. Estate of Small*, 62 V.I. 571, 579–80 (2015). Section 541(b) reads:

> [T]here shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.

This statute permits fee-shifting only for claims brought under Virgin Islands territorial law, not federal law claims. *Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312–13 (3d Cir. 2014). Thus, where a party has prevailed on both territorial and federal claims, "the court must subtract fees and costs associated with federal claims." *Id.* (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 (3d Cir. 1999)).

The fee awarded should be "a fair and reasonable portion of [the] attorney's fees incurred in the prosecution or defense of the action." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d

3

1205, 1207 (3d Cir. 1969). As a first step, the court should compute the lodestar, that is, "the number of hours [the prevailing party's] counsel spent on the case [multiplied by] the value of those services at a reasonable hourly rate." *Acosta v. Honda Motor Co., Ltd.*, 717 F.2d 828, 844 (3d Cir. 1983) (citing *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)); *see also Estein v. Christian*, 507 F.2d 61, 63 (3d Cir. 1975); *Hansen v. Bryan*, 68 V.I. 603, 617 (2018) (citing *Mahabir v. Heirs of George*, 63 V.I. 651, 668 (2015)) (instructing courts to consider prevailing market rates for attorneys in the Virgin Islands). In determining an appropriate fee, the court should consider:

> the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of the compensation.

*Lucerne*, 411 F.2d at 1207. The fee should also be adjusted according to the quality of the prevailing attorney's work, "be it unusually poor or unusually good." *Estein*, 507 F.2d at 64.

## **DISCUSSION**

Defendants seek $84,950.72. (Proposed Order.) As a preliminary matter, the Court will not consider the $2,000 of this total marked "Unbillable," especially given that some of this time is duplicative of billed time. After making this adjustment, Defendants claim $82,950.72 for 424.5 hours of work, an average rate of about $195/hour. This figure, however, must be adjusted to accord with § 541(b)[3] and to represent "a fair and reasonable portion of [the] attorney's fees incurred." *Lucerne*, 411 F.2d at 1207.

First, § 541(b) provides for attorney's fees only for prevailing on territorial claims, not

---

[3] Defendants also seek attorney's fees under 42 U.S.C. § 2000e-5(k), which allows for attorney's fees "[i]n any action or proceeding under this subchapter," *i.e.*, Title VII of the Civil Rights Act of 1964. However, this case does not involve any Title VII claims.

4

federal claims. *Wind Sailing, Inc.*, 764 F.3d at 312–13. In this case, Plaintiff brought four Counts, all of which proceeded to trial and all of which were resolved in Defendants' favor. (Findings at 1.) Two of the Counts were federal (42 U.S.C. § 1981), and two were territorial (intentional infliction of emotional distress). (*Id.*) The ledger provided by Defendants does not specify whether each allotment of time was dedicated to federal or state claims, but the different claims were derived from the same set of facts. Given this, the Court assumes that half of defense counsel's time was spent on federal claims and half was spent on territorial claims. This reduces the total number of compensable hours from 424.5 to 212.25.

Second, the total number of hours billed is excessive. This case was very simple. Plaintiff's central claim—that he was harassed in Defendants' store—was belied by video evidence that Plaintiff himself introduced. This case involved no experts; no medical, scientific, or otherwise complicated evidence; no extensive factfinding; and no complex legal issues. The bench trial lasted one day. Plaintiff called one witness (himself); Defendants called two.

To be fair, this case featured a large number of filings in its two-year existence. By the Court's count, Plaintiff filed thirty-five motions, and Defendants filed seventeen opposition briefs in response.[4] However, many of Plaintiff's motions—including those to which Defendants filed opposition—lacked merit or contained very short briefing. (*See, e.g.*, Mot. for Leave, ECF No. 70 (requesting "leave to file a flash drive with the District Court Clerk"); Mot. to Continue, ECF No. 74 (asking the Court to suspend discovery pending a "Writ of Mandamus vacating or modifying the [non-party] United States government's . . . gag order"); Mot. to Refer Cases to Manhattan District Attorney, ECF No. 158.) As such, they required very little time and attention.

---

[4] The exact number of motions filed is complicated by the fact that Plaintiff filed identical motions on several occasions. (*See, e.g.*, Mots. to Continue Discovery, ECF Nos. 72, 74; Mots. to Compel, ECF Nos. 142, 144.)

Defendants filed seventeen of their own motions, but many of these were trivial. (*See, e.g.*, Mot. for Leave to Appear Telephonically, ECF No. 59; Mot. for Extension of Time to File Response/Reply, ECF No. 105; Mot. Requesting the Court to Allow Electronic Devices and Light Refreshments into the Courtroom, ECF No. 262.) Given these considerations, the total number of hours is reduced by 40%, from 212.25 to 127.35.

Next, the Court must calculate a reasonable hourly rate. *Acosta*, 717 F.2d at 844 (internal citation omitted). "Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *M & T Bank v. Soto*, 2015 WL 1529587, at *4 (D.V.I. Mar. 31, 2015) (citing *Anthony* ex rel *Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012)). For the reasons stated above, this case was very simple, so the bottom of the range is most appropriate. The Court will therefore assess fees at a rate of $125/hour, rather than the average rate billed of $195/hour. The adjusted total number of hours (127.35) multiplied by the rate ($125/hour) equals $15,918.75.

Finally, this number must be adjusted for the quality of counsel's work. *Estein*, 507 F.2d at 64. Even though this was a simple case, it was not handled expertly. At trial, defense counsel relied heavily on the argument that Plaintiff had sued a trade name rather than the appropriate corporate name of Defendant Demah, Inc.—an argument the Court quickly rejected. (Trial Tr. 92:11–93:23, ECF No. 309.) Defendants initially called only one witness, who testified for no more than twenty minutes (*see id.* 82:18, 95:20), and called a second crucial witness only at the Court's urging (*id.* 93:22–95:17).

Moreover, defense counsel scarcely addressed the weakest point in Defendants' case— that Plaintiff had in fact been banned from Moe's Fresh Market, as shown by video evidence. (*See* Findings at 4–5 ("[In the video, witness] is heard making statements like, 'You're not

welcome here,' and 'We have the right to refuse service.'").) The Court ultimately found that, although Plaintiff correctly alleged that he had been banned from the store, this was not due to his race or ethnicity but rather "because he repeatedly recorded while in the store and ignored Mohammed Hamed's instructions to stop recording." (*Id.* at 5.) But rather than pursue this argument, defense counsel had one of his own witnesses testify that Plaintiff had not been banned at all. (Trial Tr. 102:2–3 ("Q: Did you ever tell [Plaintiff] that he was banned from the store? A: No.").) These facts counsel a further adjustment downward of 40%, bringing recoverable attorney's fees to $9,551.25.

Defendants also request $3,312.00 in costs. (Proposed Order.) The Court finds this amount to be reasonable.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Attorney's Fees and Costs is granted in part and denied in part. An appropriate Order will follow.

Date:  1/29/19                                                                  */s/ Anne E. Thompson*
                                                                                              ANNE E. THOMPSON, U.S.D.J.